IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
APR 30 2002
UNITED STATES DISTRICT COU...
NORTHERN DISTRICT OF ALABA...

ENTERED
APR 30 2002

| | |
|---|---|
| SAMARA CONSULTANT GROUP, a corporation and A.M. SAMARA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: CV-02-PT-0707-M |
| S & DAVIS INTERNATIONAL, INC., and ROY DAVIS, MRS. ROY W. DAVIS as Board Member of S & DAVIS and individually, DAVID W. DAVIS, as Board Member of S & DAVIS and individually and VONCILE H. DAVIS as Board Member and individually, and PHILLIP A. GEDDES, Esq., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This cause came on to be heard at an evidentiary hearing on April 1, 2002. All parties mutually agreed that the hearing is due to be considered as a hearing on application for preliminary injunction.

The plaintiffs make claims for breach of contract; breach of fiduciary duty; and misrepresentation. They further seek a declaratory judgment and imposition of a constructive trust and an accounting and payment to a receiver to be appointed by the court.

The plaintiffs' claims are premised on plaintiffs' alleged entitlement under a Joint Venture Agreement between plaintiff Samara Consultant Group and defendant S & Davis International, Inc. dated April 21, 1996. There is no dispute about the execution of such Agreement (PX-2). There is a dispute as to whether it has any effect on a sales contract between S & Davis International, Inc. and M/S General Corporation for Foreign Trade and Grains

(Yemen) evidenced by PX-8 and DX-1L. The Joint Venture Agreement is dated April 21, 1996. The Sales Contract acceptance is dated April 17, 1996. The detailed Sales Contract (PX-8) states that it was signed on May 14, 1996. The said contract as signed on May 14, 1996 makes no reference to a joint venture. It is apparently signed by plaintiff A.M. Samara, but only on behalf of S & Davis International, Inc., not a joint venture.

There is no dispute that defendant S & Davis International, Inc. was awarded a judgment by this court, enforcing an arbitration award, in the amount of $27,150,315.53. From aught that appears, this judgment was ultimately settled for $16,325,000.00. The plaintiff(s) were paid $1,000,000.00 from this amount. They claim up to 50% of the $27 million plus amount.

In order to prevail on their claimed entitlement to a preliminary injunction, the plaintiffs must prove, at a minimum, that (1) there is a substantially likelihood of success on the merits; (2) there is a substantial likelihood that plaintiffs will suffer irreparable injury; (3) their injury outweighs harm to the defendant; and (4) that an injunction would not disserve the public interest.

The court concludes that it cannot grant a preliminary injunction because, at least *inter alia*, it cannot find that there is a substantial likelihood that the plaintiffs will prevail on the merits. There is a bona fide dispute which this court cannot resolve at this stage as to whether the Joint Venture Agreement is applicable to the contract which formed the basis for the arbitration award and judgment.[1] Further, it appears that there is an adequate remedy at law.

In addition to the foregoing, it is not apparent that plaintiffs have overcome the significant

---

[1] While there was a significant issue raised as to the credibility of defendants' witness as to the date of a letter, A. M. Samara did not testify at the hearing.

hurdle placed on them by such cases as *Mitsubishi Int. Corp. v. Cardinal Textile Sales, Inc. et al.*, 14 F.3d 1507 (11th Cir. 1994); *DeBeers Consolidated Mines, Ltd. et al. v. United States*, 325 U.S. 212 (1945); *Rosen v. Cascade Int., Inc.*, 21 F.3d 1520 (11th Cir. 1994); and *Bloom v. Ray, Oliver & Ward, L.L.C.*, 729 So. 2d 877 (Ala. Civ. App. 1999).[2]

In *Grupo Mexicano de Desarrollo, S.A., et al. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 320 (1999), the Court stated: "We . . . follow the well established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property."

Each side has cited a number of Alabama cases and federal cases which bear on the issue. This court, considering controlling law, applying its discretion, and considering the requirements for the granting of preliminary injunction relief will deny the plaintiffs' application for preliminary injunction, appointment of a receiver, declaration and any further present accounting not already suggested by defendants' responses.

This 30th day of April 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] This case is somewhat analogous to the instant case. *See Mitsubishi, supra*, Keys (21) and (22).

3