FILED
2011 Jan-03 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| TAZEWELL T. SHEPARD, as Trustee for the Chapter 7 Estate of Strickland & Davis International, Inc., and A. M. SAMARA a/k/a SAMARA CONSULTANT GROUP, | }<br>}<br>}<br>}<br>} |
| Plaintiffs, | } |
| v. | }   Case No.: 4:02-cv-707-RDP |
| STRICKLAND & DAVIS INTERNATIONAL, INC., d/b/a S & DAVIS INTERNATIONAL, INC., ROY DAVIS, and STRICKLAND & DAVIS INTERNATIONAL DISC CORPORATION, NATIVE AMERICAN DEVELOPMENT, LLC, VONCILE DAVIS, CINDY DENISE TAYLOR, | }<br>}<br>}<br>}<br>}<br>}<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

The court has before it the Motion of Defendants Roy Davis, Strickland & Davis International DISC Corporation, Native American Development, LLC, Cindy Denise Taylor, Voncile Davis, David Wayne Davis, and Melissa Suzanne Terrell for Trial Court to Certify for Immediate Interlocutory Appeal Order and Memorandum Opinion Dated November 17, 2010 (Documents 480 and 479), and For a Stay of Proceedings Pending Resolution of Said Interlocutory Appeal (Doc. #481). The Motion (Doc. #481) asks this court to certify the November 17, 2010 Memorandum Opinion and Order (Docs. #479, 480) as appealable to the Eleventh Circuit pursuant to 28 U.S.C. Section 1292 (b) on the grounds that those rulings involve controlling questions of law including,

but not limited to, statutes of limitation, res judicata, collateral estoppel, law of the case, finality of prior judgments, and Alabama Code Sections 8-9A-4 *et seq.*, which questions have substantial grounds for differences of opinion, and that an immediate appeal would conserve judicial economy and best serve the interests of justice. (*See* Doc. #481, ¶ 2). The Motion (Doc. #481) further seeks a stay of proceedings until disposition of the interlocutory appeal. (*See* Doc. #481, ¶ 3).

A.M. Samara, one of the Plaintiffs in this action, filed an Objection to Motion to Stay (Doc. #484) on December 7, 2010. The Objection (Doc. #484) does not address whether this action is appropriate for interlocutory appeal, but instead objects to any stay of enforcement without the posting of a supersedeas bond. (*See generally* Doc. #484). A.M. Samara argues that "[t]he Defendants are not entitled to a stay under any provision of law and it would be unjust and unfair to allow a stay of judgment without requiring a supersedeas bond as required by law." (Doc. #484).

The Trustee for the bankruptcy estate of Strickland & Davis International Inc., Tazewell Shepard, also filed a Response to Defendants' Motion for Certification of Order and Memorandum Opinion for Immediate Interlocutory Appeal and for a Stay of Proceedings Pending Appeal (Doc. #485) on December 7, 2010. Like Plaintiff A.M. Samara, the Trustee does not oppose the Davis Defendants' motion for certification of interlocutory appeal. (*See* Doc. #485, ¶ 3). Also like Plaintiff A.M. Samara, the Trustee asserts that pursuant to Federal Rule of Civil Procedure 62(d), the Davis Defendants should be required to post a supersedeas bond to secure a stay of proceedings pending appeal, and that the stay cannot take effect until the court approves the bond. (*See* Doc. #485, ¶ 4).

The Davis Defendants filed a Reply (Doc. #489) to Plaintiffs' request for a supersedeas bond on December 23, 2010. The Reply (Doc. #489) reiterates the request for certification for

interlocutory appeal and renews the request for a stay of proceedings pending resolution of appeal "without a supersedeas bond being required of Davis Defendants, or any of them." (Doc. #489, ¶ 2). In the alternative, the reply requests that the mortgage previously posted and previously treated as a supersedeas bond, "which mortgage is now under the control of this Honorable Court and/or the control of the United States Bankruptcy Court for the Northern District of Alabama" be treated as a supersedeas bond. (Doc. #489, ¶ 3).

Although the parties do not dispute that this case is appropriate for interlocutory appeal, interlocutory appeals are only proper if: (a) the order of the court involves a controlling question of law, (b) as to which there is substantial ground for difference of opinion, and (c) an immediate appeal from the order may advance the ultimate termination of litigation.[1] *See* 28 U.S.C. § 1292 (b); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). The party seeking an interlocutory appeal "has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment." *In re Fiddler's Creek*, Slip Copy, 2010 WL 5060987 at *1 (M.D. Fla. Dec. 6, 2010) (quoting *Yerushalmi v. Shiboleith*, 405 B.R. 44, 47 (E.D. N.Y. 2009)). "[T]he appeal from interlocutory orders ... should and will be used only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is a serious doubt as to how it should be decided.'" *U.S. ex rel. Borges v. Doctor's Care Medical Center, Inc.*, 2007 WL 984404, at *1 (S.D. Fla. Mar. 27, 2007) (quoting *McFarlin*, 381 F.3d

---

[1] Even if all three section 1292(b) elements are satisfied, the court has discretion to deny certification. *See In re Checking Account Overdraft Litigation*, Slip Copy, 2010 WL 3377592 at *2 (S.D. Fla. July 1, 2010) (citing *McFarlin*, 381 F.3d at 1259).

at 1256). Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation. *See White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

The Davis Defendants have made no attempt to explain to the court why this case may be appropriate for interlocutory appeal, and particularly have failed to explain how or why this case presents a question as to which there is a substantial difference of opinion. A case presents a question as to which there is a substantial difference of opinion when the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue. *See In re Regions Morgan Keegan ERISA Litigation*, No. 08-2192, 2010 WL 3833668, at *2 (W.D.Tenn. June 30, 2010); *see also Rodriguez v. Banco Cent.*, 917 F.2d 664, 665 (1st Cir.1990) (accepting certified question where circuits divided); *Limuel v. Donrey Corp.*, 795 F.Supp. 902, 903-04 (E.D.Ark.1992) (certifying question due to conflict between other circuits and the controlling circuit); *Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D.Del.1987) (certifying issue of first impression); *Giardiello v. Balboa Ins. Co.*, 661 F.Supp. 644, 646 (S.D.Fla.1985), *judgment aff'd in part, rev'd in part on other grounds*, 837 F.2d 1566 (11th Cir.1988) (certifying question due to conflict between other circuits and controlling circuit). Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion. *See In re Scientific-Atlanta, Inc. Sec. Litig.*, No. CIV.A. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D.Ga. Apr. 15, 2003). Moreover, the term "question of law" does not mean the application of settled law to fact. *McFarlin*, 381 F.3d at 1258. "It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." *Id.* That is, where the issues presented involve application of the facts to the law, the movant cannot prove that there is a controlling

question of law.  *See In re Celotex Corporation*, Slip Copy, 2010 WL 2871075 at *2 (M.D. Fla. July 20, 2010); *see also Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (holding that the question of law must be "pure" - meaning the reviewing court should "decide quickly and cleanly without having to study the record.").

The only "argument" made by the Davis Defendants on the issue of appropriateness for interlocutory appeal is: "[t]he subject Order and Memorandum Opinion involve controlling questions of law including, but not limited to, statutes of limitation, res judicata, collateral estoppel, law of the case, finality of prior judgments, finality of Judge Propst's September 7, 2004 final judgment, and Ala. Code Sections 8-9A-4, et seq. which controlling questions of law have substantial grounds for differences of opinion, and that an immediate appeal from said Order and Memorandum Opinion may materially advance the ultimate termination of the litigation, which would make an immediate appeal of said Order and Memorandum Opinion conservative of judicial economy, and best serve the interests of justice herein."  (Doc. #481, ¶ 2).  Such "argument" is clearly insufficient to certify this case for interlocutory appeal.  To decide the issue on any of the Davis Defendants' stated grounds would require the Eleventh Circuit to analyze the record.  "Doing this would not be quick and clean."  *In re Celotex*, 2010 WL 2871075 at *2.

For the foregoing reasons, the Motion of Defendant Roy Davis, Strickland & Davis International DISC Corporation, Native Development, LLC, Cindy Denis Taylor, Voncile Davis, Davis Wayne Davis, and Melissa Suzanne Terrell for Trial Court to Certify for Immediate Interlocutory Appeal Order and Memorandum Opinion Dated November 17, 2010 (Documents 480 and 479) and For a Stay of Proceedings Pending Resolution of Said Interlocutory Appeal (Doc.

#481) is **DENIED**.[2]

      **DONE** and **ORDERED** this   3rd   day of January, 2011.

                                               **R. DAVID PROCTOR**
                                               UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges that footnote 1 to the Order (Doc. #480) dated November 17, 2010 noted that "[i]f any party desires to appeal this order, and is concerned that the order cannot be appealed as of right, the court will entertain any appropriate motion to certify this case for interlocutory appeal." However, such expression did not and does not relieve the moving party from filing the proper type of appeal and appropriately supporting the right for appeal. The court herein expresses no opinion as to whether final appeal would be appropriate in this case, but does note that if the Davis Defendants desire to file a final appeal as to the Memorandum Opinion and Order (Docs. #479, 480) entered on November 17, 2010, such appeal would put back in to play the supersedeas bond issue. At this point, the court's inclination would be to grant a motion for the posting of a supersedeas bond for the full amount of the judgment at issue, less the mortgage (which, in light of the bankruptcy issues related to this case, is already held and frozen by the clerk of the court).